UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JORDAN FERSEL, M.D.,

                                          Plaintiff,

            -against-

PARAMOUNT MEDICAL SERVICES, P.C.,

                                          Defendant.
-----------------------------------------------------------------X

**Docket No.:**
**18-CV-2448 (AMD) (CLP)**

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

**HARFENIST KRAUT & PERLSTEIN, LLP**
*Attorneys for Defendant*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
(516) 355-9600

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 2

POINT I.   PLAINTIFF'S RECONSIDERATION MOTION IS UNTIMELY ....................... 2

POINT II.  THE STRONG PRESUMPTION AGAINST THE RETROACTIVE
           APPLICATION OF A STATUTORY AMENDMENT MANDATES
           THE RECONSIDERATION MOTION'S DENIAL ............................................... 5

CONCLUSION ..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*American Hotel International Group Inc. v. OneBeacon Insurance Company*
   2005 WL 1176122, *2 (S.D.N.Y. May 18, 2005) ............................................................... 3

*Clinton v. Brown & Williamson Holdings, Inc.*
   651 F.Supp.2d 528 (S.D.N.Y. 2009) ..................................................................................... 4

*Cyrus v. City of New York*
   2010 WL 148078, *1 (E.D.N.Y. Jan. 14, 2010) .................................................................... 3

*Farez-Espinoza v. Napolitano*
   2009 WL 1118098, *2 (S.D.N.Y. Apr. 27, 2009) ................................................................. 3

*Filler v. Hanvitt*
   2003 WL 21729978, *1 (S.D.N.Y. July 23, 2003) ............................................................... 4

*Gibson v. Wise*
   331 F.Supp.2d 168, 169 (E.D.N.Y. 2004) ............................................................................ 3

*Gottwald v. Sebert*
   2022 WL 709757, * 1, --- N.Y.S.3d. --- (1st Dept. 2022) ................................................... 7

*LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester*
   96 F.3d 598, 599 (2d Cir.1996) ............................................................................................ 3

*Majewski v. Broadalbin-Perth Central School District*
   91 N.Y.2d 577, 584, 673 N.Y.S.2d 966, 968 (1998). ...................................................... 6, 7

*Marcelin v. Scott*
   33 A.D.2d 588, 304 N.Y.S.2d 299, 300-301 (3d Dept. 1969) ............................................. 5

*Matter of OnBank & Trust Co.*
   90 N.Y.2d 725, 730, 665 N.Y.S.2d 389, 391 (1997) ........................................................... 6

*McGraw-Hill Global Education Holdings, LLC v. Mathrani*
   293 F.Supp.3d 394, 397 (S.D.N.Y. 2018) ............................................................................ 3

*NG v. HSBC Mortgage Corp.*
   2014 WL 4699648, *3 (E.D.N.Y. Sept. 22, 2014) ............................................................... 4

*Paterson v. Home Depot U.S.A. Inc.*
   2014 WL 1355622, * 2 (S.D.N.Y. Apr. 4, 2014) .................................................................. 4

*Perella Weinberg Partners LLC v. Kramer*
   153 A.D.3d 443, 449, 58 N.Y.S.3d 384 (1st Dept. 2017) .................................................... 7

*Regina Metropolitan Co., LLC v. New York State Division of Housing and Community Renewal*
   35 N.Y.3d 332, 370, 130 N.Y.S.3d 759, 779 (2020) ........................................................... 6

*Richman v. W.L. Gore & Associates*
   988 F.Supp. 753, 755, 759 (S.D.N.Y. 1997) ........................................................................ 4

**Statutes**

FRCP 54(a) .................................................................................................................................. 3
FRCP 59(e) .................................................................................................................................. 3
New York Statutes § 54 ............................................................................................................... 5
NYLL § 193 .............................................................................................................................. 4, 5
NYLL § 198 .................................................................................................................................. 5

**Rules**

Local Civil Rule 6.3 ............................................................................................................. *passim*

i

## PRELIMINARY STATEMENT

After ignoring for seven (7) months a remedial amendment to the statutory scheme to protect employees from wage theft, the plaintiff, a medical doctor, now uses the modification to urge the Court to reconsider and reverse its dismissal of his New York Labor Law ("NYLL") claim premised on illegal deductions to his physician-related commissions. Since the motion is untimely and the statutory modification cannot be applied retroactively, the Memorandum Decision and Order docketed February 28, 2022 (the "Order") (ECF No. 72) must be affirmed.

Plaintiff acknowledges he violated Local Civil Rule 6.3, which directs litigants to move for reconsideration of a court determined motion within fourteen (14) days of the order's entry. Plaintiff missed the deadline by fifteen (15) days, and numerous cases have held the untimeliness of a motion for reconsideration, by itself, warrants denial of the motion.

And plaintiff's purported excuse does not justify the delay. There has not been an intervening change in controlling law. The statutory amendment to NYLL § 193 did not follow the issuance of the Order or even occur post-submission. Instead, the modification became effective August 19, 2021, during this motion's briefing schedule that extended to February 4, 2021,[1] and was missed or ignored by plaintiff. To permit reconsideration under such circumstances would improperly approve plaintiff's assertion of a new legal argument readily available to him had he researched the law.

Nor does the threat to bring a future motion under Rule 59(e) assist plaintiff. Rule 59(e) only applies to motions to amend or alter a judgment. But the Order is not a judgment as defined

---

[1] Plaintiff filed a sur-reply on February 4, 2021. (ECF No. 71). This was the last document filed prior to the motion's resolution.

by Rule 54(a). It is well-settled no appeal lies from an order partially granting and partially denying cross-motions for summary judgment.

Even if the Court considered plaintiff's application on the substantive merits, the motion is deficient, because it violates New York's strong and deeply rooted presumption against the retroactive application of statutory changes. Citizens should know what the law is and conform their conduct to it. But the change to NYLL § 193 abrogates years of common law interpretation of the statute, and subject's defendant to substantial damages, including liquidated damages under NYLL § 198.

To impose such a burden on defendant, there must be a clear legislative intent to apply the amendment retroactively to pending cases, even regarding remedial measures. No clear expression of such intent exists in the change to Section 193. There is no statement that the modified Section 193 should be applied retroactively. The legislature only stated the statute was "effective immediately," the meaning of which has been deemed "equivocal," and of little assistance in divining legislative intent.

Because of the foregoing, plaintiff's reconsideration motion is both procedurally and substantively infirmed.

## ARGUMENT

### POINT I

### PLAINTIFF'S RECONSIDERATION MOTION IS UNTIMELY

Local Civil Rule 6.3 requires "a notice of motion for reconsideration … of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion…." Plaintiff docketed his reconsideration motion on March

29, 2022. The motion needed to be filed no later than March 14, 2022, and plaintiff concedes his untimeliness. And untimeliness alone is enough of a reason to deny the application.

"There is authority among the district courts in the Second Circuit that the untimely filing of a motion pursuant to Local Rule 6.3 is a sufficient basis for denial of the motion." *Cyrus v. City of New York*, 2010 WL 148078, *1 (E.D.N.Y. Jan. 14, 2010)(collecting cases); *see McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 293 F.Supp.3d 394, 397 (S.D.N.Y. 2018) (thirteen-day delay in filing reconsideration motion rendered it untimely); *Farez-Espinoza v. Napolitano*, 2009 WL 1118098, *2 (S.D.N.Y. Apr. 27, 2009) ("There is authority among the district courts in this Circuit that the untimely filing of a motion pursuant to Local Rule 6.3 is a sufficient basis for denial of the motion.")(collecting cases); *American Hotel International Group Inc. v. OneBeacon Insurance Company*, 2005 WL 1176122, *2 (S.D.N.Y. May 18, 2005) ("First, the motion is untimely as the memorandum and Order was docketed on March 29, 2004 and Plaintiffs did not file their motion to reconsider until April 23, 2004, well after the ten-day window permitted under Local Rule 6.3. Plaintiff's motion could be denied on this basis alone.")(collecting cases); *Gibson v. Wise*, 331 F.Supp.2d 168, 169 (E.D.N.Y. 2004) (denying motion for reconsideration as untimely).

Nor does the possible invocation of Rule 59(e), which governs "[a] motion to alter or amend a judgment….," assist plaintiff, because the Order is not a "judgment" as defined by Rule 54(a)[2]. *See McGraw-Hill Global Education Holdings v. Mathrani,* 293 F.Supp.3d at 396. While *McGraw-Hill Global Education Holdings v. Mathrani* involved a pre-answer motion to dismiss, the partial grant and partial denial of summary judgment motions similarly does not qualify as a judgment. *See LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester*, 96 F.3d 598, 599

---

[2] Rule 54(a) defines a judgment as "a decree and order from which an appeal lies."

3

(2d Cir.1996) ("In general, an order denying summary judgment or granting partial summary judgment cannot by itself form the basis of an appeal because it is nonfinal."); *NG v. HSBC Mortgage Corp.*, 2014 WL 4699648, *3 (E.D.N.Y. Sept. 22, 2014) (a partial summary judgment order is nonfinal because it "may be revised at any time before the entry of a judgment adjudicating all the claims.")(internal quotation marks omitted but quoting Rule 54[b])(also citing to and quoting *LaTrieste Restaurant and Cabaret*).

Plaintiff cannot rely on an intervening change in controlling law as an excuse for his lateness, because no such change occurred. The amendment to NYLL § 193 became effective on August 19, 2021, which was well before the conclusion of the summary judgment motions' briefing schedule and issuance of the Order.

Plaintiff missed the already existing law change and this distinguishes the case at bar from *Clinton v. Brown & Williamson Holdings, Inc.,* 651 F.Supp.2d 528 (S.D.N.Y. 2009), in which the United States Supreme Court decided a case *after* the expiration of Local Civil Rule 6.3's temporal limitations that warranted the vacatur of a summary judgment determination. *See Filler v. Hanvitt*, 2003 WL 21729978, *1, (S.D.N.Y. July 23, 2003) (same); *Richman v. W.L. Gore & Associates*, 988 F.Supp. 753, 755, 759 (S.D.N.Y. 1997) (modifying prior opinion where Supreme Court decision constituted intervening change in controlling law).

To excuse plaintiff's untimeliness would improperly permit him to raise a new legal theory for the first time on the motion for reconsideration – that illegal wage "deduction" includes the wholesale withholding of payment – which argument was readily available to plaintiff had he done a better job researching the law. *See Paterson v. Home Depot U.S.A. Inc.*, 2014 WL 1355622, * 2 (S.D.N.Y. Apr. 4, 2014). And "it [is] not incumbent on the Court to raise that argument *sua sponte* in order to make Plaintiff's case for him." *Id.*

AL/D395413/FL3142

Since the reconsideration motion is untimely and no valid excuse for the lateness has been offered, plaintiff's application must be procedurally denied.

## POINT II

### THE STRONG PRESUMPTION AGAINST THE RETROACTIVE APPLICATION OF A STATUTORY AMENDMENT MANDATES THE RECONSIDERATION MOTION'S DENIAL

Effective August 19, 2021, the Legislature amended NYLL § 193 to add subdivision (5):

> 5. There is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements.

L. 2021, c. 397, § 3. The modification's purpose is "to clarify for the courts once and for all that wage theft remains completely and without exception in violation of statute and all employees are entitled to full wages, benefits and wage supplements earned." L. 2021, c. 397 legislation. The amendment encompasses circumstances like the present – where the employer withholds the employee's wages in full – making the employer liable under Section 193 and subject to the remedies enunciated in NYLL § 198.

No court has opined as to whether Section 193, as amended, should be applied retroactively to effect pending cases.

Initially, because Section 193 is remedial, it, therefore, "constitute[s] an exception to the general rule that statutes are not to be given a retroactive operation…." New York Statutes § 54; *see Marcelin v. Scott*, 33 A.D.2d 588, 304 N.Y.S.2d 299, 300-301 (3d Dept. 1969) (Since a remedial legislative change is "designed to correct an imperfection in the prior law or to provide a remedy for a wrong in none previously existed, it is to be liberally construed so as to spread its beneficial results as widely as possible…."). But this does not decide the issue; instead, the Court must engage in analysis to determine the statute's retroactive effect.

5

"Classifying a statute as 'remedial' does not automatically overcome the strong presumption of prospectivity since the term may broadly encompass any attempt to supply some defect or abridge some superfluity in the former law." *Majewski v. Broadalbin-Perth Central School District,* 91 N.Y.2d 577, 584, 673 N.Y.S.2d 966, 968 (1998).

The presumption against retroactivity is "deeply rooted" and "warranted" because the Legislature has extraordinary authority that "allow it to sweep away settled expectations suddenly and without individualized consideration" and its tendency to yield "to political pressure poses a risk that it may be tempted to use retroactive legislation as a means of retribution against unpopular groups or individuals." *Regina Metropolitan Co., LLC v. New York State Division of Housing and Community Renewal,* 35 N.Y.3d 332, 370, 130 N.Y.S.3d 759, 779 (2020) (quoting *Landgraf v. USI Film Productions,* 511 U.S. 244, 266, 114 S.Ct. 1483, 128 L.Ed.2d 229 [1994]) (internal quotation marks omitted). "[A]pplication of a new statute to conduct that has already occurred may … upset[] reliance interests and trigger[] fundamental concerns about fairness." *Id.* at 365, 130 N.Y.S.3d at 775.

To balance its concerns over fairness, the New York Court of Appeals requires "a clear expression of the legislative purpose … to justify a retroactive application of a statute. Id. (quoting *Gleason v. Gleason*, 26 N.Y.2d 28, 36, 308 N.Y.S.2d 347 [1970]); *see Matter of OnBank & Trust Co.*, 90 N.Y.2d 725, 730, 665 N.Y.S.2d 389, 391 (1997) ("[T]he reach of the statute ultimately becomes a matter of judgment made upon a review of the legislative goal."). And "the expression of intent must be sufficient to show that the legislature contemplated the retroactive impact on substantive rights and intended that extraordinary result." *Regina Metropolitan Co., LLC,* at 370-371, 130 N.Y.S.3d at 779.

In amending Section 193, the Legislature did not state it was to have a retroactive effect. And the statute's declaration it is to "take effect immediately" -i.e., August 19, 2021 – "contributes little to our understanding of whether retroactive application was intended on the issue presented." *Majewski v. Broadalbin-Perth CSD,* 91 N.Y.2d at 583-584, 673 N.Y.S.2d at 968. In analyzing retroactivity, the phrase is "equivocal." *Id*. at 583, 673 N.Y.S.2d at 968; *see Gottwald v. Sebert*, 2022 WL 709757, * 1, --- N.Y.S.3d. --- (1st Dept. 2022).

As opposed to exhibiting a "sense of urgency" in addressing the inadequacies of Section 193, the Legislature failed for years to remedy the courts' interpretation of the law, which permitted the withholding of wages in toto as outside the law's ambit. *See Perella Weinberg Partners LLC v. Kramer*, 153 A.D.3d 443, 449, 58 N.Y.S.3d 384 (1st Dept. 2017), cited in the Order, which collects cases as far back as 2006. Meaning that the Legislature was unmoved for at least sixteen (16) years to correct the problem, which militates against a finding of retroactivity. *See Gottwald v. Sebert*, 2022 WL 799757 at 1. This inaction ways heavily in favor of prospective application only. *Id.*

Because the presumption of the prospective application of the amendment to Section 193 has not been overcome, plaintiff's reconsideration motion must be denied, even if the application's procedural bar is ignored.

**CONCLUSION**

Absent a justifiable excuse for his untimeliness, plaintiff's violation of Local Civil Rule 6.3 is a procedural bar to the reconsideration motion.

And even if the application was examined on the merits, plaintiff cannot overcome the presumption against the retroactive application of Section 193's statutory change. This is so because there is not clear expression of Legislative intent to apply the amendment to conduct that

already occurred. Specifically, the statute does not say it is to apply retroactively and the statement it is to "take effect immediately" has been judicially determined to be of no help in resolving issues of Legislative intent.

Because of the foregoing, plaintiff's reconsideration motion must be denied.

Dated: April 13, 2022
Lake Success, New York

HARFENIST KRAUT & PERLSTEIN, LLP

By: *Steven J. Harfenist*
Steven J. Harfenist
*Attorneys for Paramount Medical Services, P.C.*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
T: (516) 355-9600
F: (516) 355-9601
E: SHarfenist@hkplaw.com

8