UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
**JORDAN FERSEL**

                        Plaintiff,

– against –

**PARAMOUNT MEDICAL SERVICES, P.C.**,

                        Defendants.

**MEMORANDUM DECISION AND ORDER**

18-CV-2448 (AMD) (RML)

------------------------------------------------------------ X

**ANN M. DONNELLY,** United States District Judge:

On February 28, 2022, I granted in part the defendant's cross motion for summary judgment on the plaintiff's claim for a violation of New York Labor Law (NYLL).[1]  (ECF. No. 72.)  On March 29, 2022, the plaintiff filed a motion for reconsideration, claiming that there has been an intervening change in the law.[2]  (ECF No. 73.)  For the reasons that follow, the motion is denied.

## BACKGROUND

In dismissing the plaintiff's claim under Section 193 of NYLL, I determined that the plaintiff could not "recover under Section 193 because the defendant's wholesale withholding of payment is not a 'deduction' within the meaning of [NYLL]." *Fersel v. Paramount Med. Servs., P.C.*, No. 18-CV-2448, 2022 WL 1019059, at *10 (E.D.N.Y. Feb. 28, 2022).  That conclusion

---

[1] I also granted summary judgment in favor of the defendant as to the plaintiff's claims for unjust enrichment, quantum meruit and violations of NY COBRA.  I granted the plaintiff's motion for summary judgment on his breach of contract claim and denied the motion with respect to the amount of damages.  (ECF No. 72.)

[2] On April 26, 2022, the parties agreed to mediate before Magistrate Judge Cheryl Pollak, and I deferred decision on the plaintiff's motion until the conclusion of mediation.  The parties were unable to come to an agreement.

was based on Second Circuit and New York precedent holding that "[i]n order to state a claim for a violation of NYLL § 193, a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages." *Id*. (quoting *Goldberg v. Jacquet*, 667 F. App'x 313, 314 (2d Cir. 2016)).  I held that the plaintiff did not show "any deduction from wages because he claims that the defendant withheld the entirety of his share of physician revenue that the defendant received after the Agreement's termination, which is the essence of his breach of contract claim." *Id*. at 11.

On August 19, 2021, the New York legislature passed the No Wage Theft Loophole Act, which amended Section 193 of the NYLL to include the following provision: "There is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements." N.Y. Lab. Law § 193(5).  In the Sponsoring Memorandum, the bill's sponsors observed that the purpose of the amendment was to close a "judicially created loophole," N.Y. Spons. Memo., S.B.858, 2019-2020 Sess., and to correct previous interpretations of the NYLL:

> The purpose of this remedial amendment is to clarify that: (a) the unauthorized failure to pay wages, benefits and wage supplements has always been encompassed by the prohibitions of section 193, *see, e.g.*, *Ryan v Kellogg Partners Inst. Servs.*, 19 N.Y. 3d 1, 16 (2012) (correctly holding that employer's neglect to pay sum that constitutes a "wage" violated section 193); and (b) consistent with established principles of statutory construction, section 193 should be harmonized with section 198(3)'s guarantee that "All employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages. . . ."

2021 Sess. Law News of N.Y. Ch. 397 (S. 858).[3]  The legislature also found that it "has a responsibility to . . . clarify for the courts once and for all that wage theft remains completely and

---

[3] *Ryan* held that a "guaranteed and non-discretionary" bonus amounted to "wages" under § 193.  The court distinguished the nonpayment of a bonus in *Truelove*, an earlier Court of Appeals case, which the court held "did not fall within the meaning of wages" because it was "discretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship . . ." *Id.* (quoting *Truelove v. Ne. Capital & Advisory, Inc.*, 95 N.Y.2d 220 (2000) (internal quotations

2

without exception in violation of statute and all employees are entitled to full wages, benefits and wage supplements earned." *Id.*

The bill's sponsors explained further that courts had misinterpreted the meaning of "deduction:"

> Article 6 of the Labor Law was created to prevent employers from benefiting from the fruits of their employees' labor by withholding wages. If interpreted correctly, this broad ranging statute allows prevailing plaintiffs to recover unpaid wages, attorney's fees, and in many cases liquidated damages. To the detriment of employees everywhere, however, the statute is often interpreted extremely narrowly by courts who misconstrue or overlook its rights-affirming language. Section 193 of the Labor Law prohibits any deductions from wages unless the deduction is expressly authorized by the employee in writing and for his or her own benefit.

N.Y. Spons. Memo., S.B.858, 2019-2020 Sess. The sponsors cited *Malinowski v. Wall St. Source, Inc.*, No. 09-CV-9592, 2012 WL 279450, at *3 n.5 (S.D.N.Y. Jan. 31, 2012), in which the court noted that "the majority, and more persuasive, interpretation of § 193 is that it has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages." (quotation marks and citations omitted)). In dismissing the plaintiff's Section 193 claim, the Court applied this majority interpretation.[4]

The plaintiff claims that the amendment is an "intervening change in law" that warrants the Court's reconsideration of its February order dismissing the Section 193 claim. (ECF No. 73-1 at 2.)

---

omitted)). The Court of Appeals continued that "the wording of the statute, in expressly linking earnings to an employee's labor or services personally rendered, contemplated a more direct relationship between an employee's own performance and the compensation to which that employee was entitled." *Id*. The court did not distinguish between partial and wholesale withholding.

[4] Although *Ryan* and *Malinowski* both involve the nonpayment of a bonus, the courts have addressed whether Section 193 covers "wholesale withholding" in addition to a deduction or reduction of wages, as it has here, to nonpayment of other types of compensation. *See, e.g.*, *Perella Weinberg Partners LLC v. Kramer*, 153 A.D.3d 443, 449 (2017) (nonpayment of deferred compensation is not a "deduction within the meaning of Labor Law § 193.").

3

## LEGAL STANDARD

"The Court has authority under Fed. R. Civ. P. 54(b), as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment." *Richman v. W.L. Gore & Assocs., Inc.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997). Local Civil Rule 6.3 requires a party to submit a motion to reconsider a decision within fourteen days "of the docketing of the Court's original determination, unless the movant presents a compelling reason to ignore the time limit." *Id*. at 755.

"There is authority among the district courts in the Second Circuit that the untimely filing of a motion pursuant to Local Rule 6.3 is a sufficient basis for denial of the motion." *Cyrus v. City of New York*, No. 06-CV-4685, 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010) (collecting cases), *aff'd*, 450 F. App'x 24 (2d Cir. 2011). The court retains "discretion to consider a motion for re-argument notwithstanding the movant's failure to comply with Local Rule 6.3's requirements, but it will only exercise this discretion when justice so requires." *Clinton v. Brown & Williamson Holdings*, Inc., 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009) (citations and alterations omitted). "Justice requires the exercise of this discretion when, for example, there is an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision." *Id*. "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked." *McGuiness v. E. W. Indus.*, 857 F. Supp. 2d 259, 267 (E.D.N.Y. 2012). A party may not use a motion for reconsideration to present "new theories" or arguments that could have been raised earlier. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

4

## DISCUSSION

The Court issued its order on February 28, 2022.  In order to be timely, the plaintiffs had to move for reconsideration within 14 days, by March 14, 2022.  The plaintiff acknowledges that he filed the motion 15 days late, on March 29, 2022, but says that the Court should consider his motion despite the late filing, because the No Wage Theft Loophole Act is an intervening change in law governing his New York Labor Law claim.

According to the defendant, the Act was not an "an intervening change in controlling law" because "[t]he amendment to NYLL § 193 became effective on August 19, 2021, which was well before the conclusion of the summary judgment motions' briefing schedule and issuance of the Order."  (ECF No. 74 at 7.)  As the plaintiff points out, this is not exactly right.  The briefing was complete in May 2021.  On December 15, 2021, the Court directed the plaintiff to address whether some of the defendant's reply exhibits should be stricken because they were not produced in discovery.  (ECF No. 75 at 3.)  The plaintiff filed a sur-reply on February 4, 2022, but did not seek leave to submit supplemental briefing on the No Wage Theft Loophole Act.  The plaintiff learned of the Act on March 29, 2022; he filed the motion for reconsideration the same day.  (ECF No. 73-2.)

These circumstances—an untimely motion, and the presumptions against applying legislation retroactively—do not present a compelling case for reconsideration.  In New York, "[a]mendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated." *In re Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 122 (2001).  The sponsors of the Act asserted that courts in earlier decisions, including *Malinowski*, which was decided nine years before the amendment, had "misread" Section 193, but did not include a retroactivity provision.  Even in the absence of a retroactivity provision, courts can determine whether an act should be retroactive, if it is remedial in nature,

5

as the Act is, upon considering the following factors: "whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be." *Id*. Because retroactivity interferes with the parties' "settled expectations . . . the expression of intent must be sufficient to show that the legislature contemplated the retroactive impact on substantive rights and intended that extraordinary result." *Regina Metropolitan Co., LLC v. New York State Div.n of Hous. and Cmty. Renewal*, 35 N.Y.3d 332, 370-71 (2020).

The New York Court of Appeals has not addressed whether the No Wage Theft Act should be applied retroactively. Since the amendment was adopted, one appellate court has concluded that a pre-amendment wholesale withholding of payment does *not* constitute a violation of Section 193. *See Vergara v. Mission Cap. Advisors, LLC*, 200 A.D.3d 484, 155 N.Y.S.3d 68 (1st Dep't 2021) (appeal of 2020 order). A federal court has come to the same conclusion. *Kahlon v. Project Verte Inc.*, No. 20-CV-3774, 2022 WL 861638, at *8 (S.D.N.Y. Mar. 23, 2022) (conduct occurred in 2020). Neither court addressed the question of retroactivity, but the conduct at issue in both cases occurred before the amendment.

The plaintiff has identified only one court, a trial level court, that explicitly addressed retroactivity. *Kolchins v. Evolution Markets, Inc.*, No. 653536/12 (September 20, 2021) (oral decision) (ECF Nos. 76, 76-1.)[5] In granting the plaintiff's motion to renew his Section 193 claim, the court observed that "the purpose of this Act was, in fact, to rewrite what the legislature

---

[5] The plaintiff also cites *Quallen v. Impendi Analytics, LLC.*, No. 651897/2020 (December 20, 2021). (ECF Nos. 76, 76-2.) In that case, the judge simply observed that the court was bound to follow *Ryan v. Kellogg Partners Inst. Servs.*, 19 N.Y. 3d 1, 16 (2012). The court declined to follow contrary holdings, "particularly in light of the recent amendment to the statute, and its legislative history that specifically references *Ryan* as the overall paradigm." (ECF No. 76-2 at 8-9.) The court did not make any findings about retroactivity.

6

believed to be an unintended judicial interpretation and to clarify a legislative judgment about what the law in question should be, both of which weigh in favor of retroactivity." (ECF No. 76-1 at 36.) The court found that the amendment should be applied retroactively because it was meant to "correct" judicial interpretations of the law. (*Id.* at 36-37.) *Kolchins* is not controlling authority, because "a federal court is not bound by the opinions of a state's lower courts." *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 275 (S.D.N.Y. 2018). A federal court is, however, bound to follow state law as interpreted by its intermediate appellate courts unless the Court finds persuasive evidence that the highest state court, which has not ruled on the issue, would reach a different conclusion. *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999).

In light of this precedent, including the First Department's decision in *Vergara*, there is no controlling state authority applying the Act retroactively. *See Comm'r v. Bosch's Est.*, 387 U.S. 456, 465 (1967) ("[I]n diversity cases this Court has further held that while the decrees of lower state courts should be attributed some weight the decision is not controlling where the highest court of the State has not spoken on the point." (internal quotation marks and alterations omitted)); *Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) ("Although the New York Supreme Court's decision is relevant to this Court's assessment of how the New York Court of Appeals would rule" it was not new controlling or persuasive authority.); *Mark J. Elkowitz, M.D., P.C., v. Unitedhealthcare of New York, Inc.*, No. 17-CV-4663, 2021 WL 2810040, at *2 (E.D.N.Y. July 6, 2021) ("[The movant] relies on several cases, none of which constitute controlling law that require a different outcome.").

Under these circumstances, I decline to decide whether a state statute that includes no retroactivity provision should nevertheless be applied retroactively, when the state's highest court has not addressed the issue.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for reconsideration is denied.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
October 26, 2022

8